### No. 206
### DAVIS v. HAMBLY
Ohio Appeals, 9th Dist., Summit County
No. 795. Decided Jan. 29, 1924

485. EXECUTORS—Grantee of land from husband may testify in action to set aside deed under 11495 GC., even though plaintiff is executrix.

563. FRAUDULENT CONVEYANCES— Burden is on plaintiff in action to set aside deed, to prove transfer in bad faith, insufficient consideration and knowledge of fraudulent intent.

677. JUDGMENTS — Judgment creditor, levying upon lands the equitable owner of which is one not the judgment debtor, obtains no lien.

FUNK, P. J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas to set aside as fraudulent a deed made to defendant, Della Hambly, by her husband against whom plaintiff's deceased husband had a judgment. Plaintiff, Jane D. Davies, was the executrix of her said deceased husband. Judgment was rendered for defendant and plaintiff appealed. Held:

1. It was competent for defendant to testify at the trial, even though plaintiff was an executrix, for the reason that 11459 GC. provides "Nothing in this section shall apply to . . . actions or proceedings involving the valdity of a deed."

2. It appears from the evidence that defendant was the equitable owner of the real estate in question. A judgment creditor levying upon property has a lien on only such interest as the judgment debtor may have therein. Therefore plaintiff has no lien.

3. In order for plaintiff to obtain a decree she must prove that the transfer was in bad faith, that there was an insufficient consideration and also that defendant had knowledge of a fraudulent intent. This, plaintiff has failed to do. Petition dismissed.

Attorn ys—Carl M. Myers, for Davies; C. G. Roetzel, for Hambly; all of Akron.