**WAXENFELTER, Admr. v ROUCH** et

Ohio Appeals, 9th Dist, Wayne Co.

No. 1044. Decided Oct. 10, 1938

Weygandt & Ross, Wooster, for appellant.

Critchfield, Critchfield & Critchfield, Wooster, and Wertz & Wertz, Wooster, for appellees.

### OPINION

By STEVENS, PJ.

This cause is before this court as an appeal upon questions of law and fact. The parties will be designated as they appeared below.

The action is one seeking to set aside a mortgage as fraudulent and as constituting a preference. Said mortgage covers premises standing in the name of the defendant Ada Rouch, and was executed and delivered by her to her father, John W. Feightner.

The evidence shows that John W. Feightner, after the death of his daughter's husband, recognizing the necessity of helping her in order that she might maintain a home for her children and herself, paid off the balance owing upon a property which she and her husband had previously occupied—Ada Rouch

thereupon receiving a deed for said premises; that her father, John W. Feightner, thereafter made other payments for improvements upon said property, and for personal property used by his daughter and her family. The aggregate of such payments in 1934 was $3,772.01, and on September 3, 1934, a note was executed and delivered by Ada Rouch to her father for that amount, said note being payable on demand.

On January 5, 1937, Ada Rouch was involved in an automobile accident, as a result of which plaintiff's decedent died. On March 8, 1937, plaintiff filed suit against Ada Rouch for $10,000 damages for wrongful death. On March 9, 1937, summons was duly served upon Ada Rouch in said action for damages. On March 18, 1937, Ada Rouch executed and delivered to her father, John W. Feightner, a mortgage upon the premises standing in her name for $3,772.01, which mortgage was recorded the same day. On November 13, 1937, plaintiff recovered a judgment against Ada Rouch for $5,000 and costs in said action for wrongful death.

It is contended by plaintiff that this conduct on the part of Ada Rouch effected a preference of her father over the plaintiff, within the prohibition of the provisions of §§8618, 11104 and 11105, GC.

Sec. 8618, GC, in part provides:

"Every * * * conveyance of lands * * * made or obtained with intent to defraud creditors of their just and lawful debts or damages, * * * shall be utterly void and of no effect."

Sec. 11104, GC, in part provides:

"A * * * mortgage * * * made * * * by a debtor * * * with a design to prefer one or more creditors to the exclusion in whole or in part of others, and a * * * mortgage * * * made * * * with intent to hinder, delay or defraud creditors, shall be void as to creditors of such debtor, or debtors at the suit of any creditor or creditors. * * *"

Sec. 11105, GC, in part provides:

"The provisions of the next preceding section (11104) shall not apply unless the person or persons to whom such sale, conveyance, transfer, mortgage or assignment is made, knew of such fraudulent intent on the part of such debtor or debtors * * *."

It has long been the recognized law of Ohio that a preference, by a debtor who is insolvent, of one creditor over another, has never constituted an actual fraud. As stated in 19 O. Jur., Fraudulent Conveyances, Sec. 3:

"A preferential conveyance is not deemed one to hinder, delay or defraud creditors. A preference, then, is not, merely because it is a preference, a fraudulent conveyance. Consequently, a conclusion of intent to 'hinder, delay or defraud creditors,' based only on the accomplishment of a preference among honest creditors cannot stand."

And see Ratterree Land Co. v Snyder, 21 Abs 256.

In ascertaining the validity or invalidity of a conveyance claimed to have been made with intent to defraud creditors of their lawful debts or damages, or to prefer one creditor over another who is a subsequent creditor, it is not the nature or form of the transaction, but the presence of fraud which brings it within the prohibition of the statutes.

Plaintiff's judgment being upon a tort claim not reduced to judgment at the time the mortgage in question was given, plaintiff was not at that time a creditor, but falls into the class of persons known as subsequent creditors.

Wheeler v Kuntsbeck, 31 Oh Ap 338.

"* * * the bulk of Ohio decisions favors the view that until the claim arising out of tort is reduced to judgment the claimant cannot be considered a creditor. * * *"

19 O. Jur., Fraudulent Conveyances, Sec. 33.,

It is also stated Ibid., Sec. 34 in part:

"In Ohio, there is an impressive line of authority to the effect. that as to future creditors, transfers will be set aside only upon proof of actual intent to defraud such creditors; to establish such intent, the burden of proof is upon the party asserting it."

A reading of this transcript establishes that the debtor had no knowledge of the intention of her father to demand a mortgage until it was presented to her for signature. The demand for the mortgage was made by an indulgent father only to cover money actually paid out by him for his daughter. Those payments furnished a valuable consideration for the execution of the mortgage by the daughter.

We are clearly of the opinion that fraud has not been proved by the required degree of proof in this case— either in connection with the execution and. delivery of the mortgage, or in connection with the preferring of the father over other creditors; and fraud being a necessary concomitant in cases of this kind, and not having been proved by the required degree of proof, a decree may be prepared dismissing the petition of the plaintiff, at his costs.

WASHBURN, J. and DOYLE, J., concur.