**UNDERWOOD v LAPP et**

Ohio Appeals, 2nd Dist, Darke Co

No 559. Decided May 26, 1939

J. S. Hankins, Greenville, for appellants, Leslie and Hazel Lapp.

Richard E. Hole, Greenville, for plaintiff-appellee.

## OPINION

By HORNBECK, PJ.

The appeal is noted as one on questions of law and fact directed to a judgment of the Common Pleas Court holding that a judgment lien of plaintiff was superior to a mortgage held by defendant, Leslie W. Lapp in which the mortgagor was Mattie E. Williams.

The action was equitable to fix the amount and order of liens and an appeal on questions of law and fact would lie from the judgment if properly perfected. No bond for such an appeal was fixed and none given. Therefore, the appeal must proceed as on questions of law only.

The action was instituted by the plaintiff who, as Shareholder's Agent for plaintiff bank, succeeded J. E. Maher, Receiver of said bank. The claim of the plaintiff was held by assignment from said Maher, Receiver.

The history of the transactions and suits which are of some probative effect in the case is extended. The issues presented on the appeal are simple. It will serve no good purpose to set out at length the facts in this case which are familar to counsel.

As briefly as possible, it may be said that Charles F. Williams and Mattie E. Williams were husband and wife. They had two children, Ward A. Williams and Hazel Williams Lapp. Leslie W. Lapp was the husband of Hazel Williams Lapp. Charles F. Williams died October 12, 1933, leaving his widow, Mattie E. Williams and his two children surviving. Mattie E. Williams died February 24, 1937. His real estate consisted of a farm of forty acres in Darke County, which, after his death, was sold on foreclosure. His estate was hopelessly insolvent.

In the foreclosure action against the estate of Charles F. Williams, deceased, his widow, Mattie E. Williams, his daughter, Hazel Williams Lapp, Ward A. Williams, his son, Leslie W. Lapp and J. E. Maher, Receiver of the First Farmers National Bank of Arcanum were parties defendant. In that action Maher, Receiver, on cross petition obtained a judgment against the estate of Charles F. Willams, deceased, Mattie E. Williams and Ward A. Williams for the sum of $2,280.00 on a note signed by them in the sum of $2.000.00 payable to said Bank of date June 14, 1932. This judgment on behalf of Maher, Receiver, was of date April 15, 1935. After the real estate of the estate of Charles F. Williams was sold and applied to the judgment of the Greenville Building Com-

pany and to the judgment of Maher, Receiver, there was left a balance due said Receiver in the sum of $1,955.34, for which sum with interest a deficiency judgment was entered on November 18, 1935 and execution was awarded which established a lien on the real estate of defendant, Mattie E. Williams which real estate was known as lot No. 39 in George Ivester's New Addition to the Village of Arcanum, Darke County, Ohio.

November 1, 1932 the makers of the note for $2000.00 to the First Farmers National Bank of Arcanum gave another note for $34.99 to said bank. December 19, 1932, Charles F. Williams and Mattie E. Williams made another note to said bank in the sum of $70.00 and December 27, 1932 the same parties made another note to the same bank for the sum of $110.00.

In the instant action plaintiff, successor to Maher, Receiver, made the Greenville Building Company a party defendant which company, it was conceded, had a first mortgage lien on the real estate described in the petition. Leslie W. Lapp and Hazel Williams Lapp were also made parties defendant, the real estate described in the petition having been deeded by Mattie E. Williams of date August 12, 1935 to Hazel Williams Lapp, recorded March 25, 1937. Said deed was made subject to the mortgage of the Greenville Building Company, the judgment of J. E. Maher, Receiver, and a certain mortgage of defendant, Leslie W. Lapp.

The mortgage of Mattie E. Williams to Leslie W. Lapp was dated March 22, 1934, recited a consideration of $10.00 and further conditioned that it was given to secure a note in the sum of $3,683.08 of even date with the mortgage. It is the claim of the plaintiff that the purported mortgage, Mattie E. Williams to defendant Leslie W. Lapp, was improperly executed in that it had but one witness attesting the signature of the mortgagor and that because of this infirmity in the instrument no notice was given to the plaintiff and no lien created on the real estate therein described by reason of the recording of said mortgage. Plaintiff prayed for de-

termination of the respective rights of the parties in the real estate described in the petition, that liens be marshalled, property sold and applied to satisfy liens of the parties according to their repective priority.

The defendant, Leslie W. Lapp, by answer and cross petition set up his mortgage and note which it was given to secure; averred that the note was given for valuable consideration and that the mortgage was duly attested by two witnesses, O. E. Strader and Hazel Williams Lapp; that the Recorder, through inadvertence or neglect, had failed to properly record the instrument. Defendant, Leslie W. Lapp, prayed for reformation of the recordation of the mortgage, that his mortgage lien be held to be second only to the mortgage lien of the Greenville Building Company and that the amount due on his note, secured by his mortgage, be paid out of the proceeds of the sale of the real estate.

Plaintiff replied to the cross petition of Leslie W. Lapp denying the affirmative averments thereof.

The cause was submitted to the trial judge, who found that the mortgage to defendant Leslie W. Lapp was given in fraud of the creditors of Mattie E. Williams under §8618 GC, ordered the conveyance set aside and found that the lien of plaintiff was second to the Greenville Building Company and prior to the claim of Leslie W. Lapp. The court made no determination on the issue of reformation of the recordation of the mortgage. From the judgment entered on the finding of the trial judge this appeal is prosecuted.

The questions originally presented are well set forth in the brief of appellee as follows:

(1) Was the instrument attempting to convey the property to Leslie W. Lapp executed in conformity with the statute governing the execution of mortgages so as to be entitled to record and thereby create a valid lien against the real estate as against third parties?

(2) Was the instrument given to Leslie W. Lapp void or voidable at the

option of the creditors of Mattie Williams as being in contravention with §8618 or 11104, GC?

Inasmuch as the trial judge made no finding whether or not the mortgage, Mattie E. Williams to Leslie W. Lapp, was attested by two witnesses, we have nothing for review on this issue. We might have the question whether or not the recording of the mortgage, as improperly executed, would constitute notice to the plaintiff, if we would first determine that the trial court erred in holding that the giving of the mortgage was in fraud of the creditors of Mattie E. Williams. We will not pursue this question at any length, but are content to announce the rule as set forth in 35 O. Jur. 85:

"To constitute constructive notice, recordation must be of an instrument entitled by law to be recorded; otherwise the record of it would not be constructive notice either of its existence or of its contents. The theory on which the rule is based is that since constructive notice from the record of an instrument is wholly a creation of statute, the entry on the records of an instrument, which under the statute is not entitled to be recorded, is not legally a record."

Many Ohio cases are cited which support the text. It has also been held that a defectively executed instrument is not entitled to record. Straman v Rechtine 58 Oh St 443; Wright v Franklin Bank, 59 Oh St 80.

The second question is the major proposition for consideration and answer to which is determinative of this review.

We have been favored with the opinion of the trial judge wherein he concluded:

"The court is of the opinion that there was a careful thought out and deliberate purpose that was in the minds of Mattie Williams and her daughter and son-in-law at the time of the execution of the mortgage.

The execution of this mortgage rendered Mrs. Mattie Williams hopelessly insolvent and deprived her of any hope that she may have entertained to pay the bank the amount of money that she owed on the note.

The court is of the opinion that by reason of the relationship of the parties, their very close association, no other conclusion could be reached than that the purpose of the mortgage was to save the home for her lifetime to Mattie Williams, and to furnish such protection as could be furnished to her daughter and son-in-law to the prejudice of the bank."

Sec. 8618 GC, provides:

"Every * * * conveyance of lands * * * made or obtained with intent to defraud creditors of their just and lawful debts * * * shall be utterly void and of no effect."

Sec. 11104 GC provides:

"A * * * mortgage, * * * by a debtor * * * in contemplation of insolvency and with design to prefer one or more creditors to the exclusion in whole or in part of others, and a * * * mortgage * * * made * * * with intent to hinder, delay or defraud creditors shall be void as to creditors of such debtor, * * * at the suit of any creditor * * * "

Sec. 11105 GC provides:

"The provisions of the next preceding section shall not apply unless the person * * * to whom such * * * mortgage * * * is made, knew of such fraudulent intent on the part of such debtor * * * nor shall anything in such section contained vitiate or affect any mortgage made in good faith to secure any debt or liability created simultaneously with such mortgage, if such mortgage be filed for record in the county wherein the property is situated, * * * within three days after its execution, and when, upon foreclosure or taking possession of such

property, the mortgagee fully accounts for the proceeds thereof."

We may say at the outset that it is doubtful if Mattie E. Williams intended by overt act to defraud her creditors. She probably misconceived the worth of her property and failed to recognize that it was of insufficient value to pay her debts.

However, the circumstances under which the mortgage was made, the indebtedness to the bank of which she had full knowledge, her inability to pay her debts, might justify the inference that she was chargeable with fraud in executing and delivering the mortgage to her son-in-law.

It can not be said that this mortgage to the defendant, Leslie W. Lapp, was a gift nor that it was not based upon a valuable consideration. In probability, a considerable part of the consideration for the note, which the mortgage secured, was for money advanced to the Williams's while the husband, Charles E. Williams, lived. Some of the money advanced by mortgagee during the lifetime of Charles F. Williams was, no doubt, very properly chargeable against Mattie E. Williams. The circumstances indicate that Mattie E. Williams intended to and did, by the execution of the note, assume to pay some of the indebtedness which was the personal obligation of her deceased husband. To this amount the mortgagee cannot be heard to say that he is entitled. However, a substantial part of the consideration represented by the note to defendants, Lapp, was paid to Mrs. Williams after her husband's death and for her living expenses and to provide medical and nursing services for her. Therefore, mortgagee, Lapp, has many equities in his favor under the facts in this case. Upon the whole record, it fairly appears, not only that there was a valuable consideration passing from mortgagee, Lapp, to the mortgagor, Mattie E. Williams, for the mortgage under consideration, but it is probable that the amount of this consideration

would exhaust the balance on hands, the proceeds of the sale of the mortgaged real estate after the first mortgage indebtedness and costs had been paid.

The facts then fairly appearing, are, that when Lapp took his mortgage he was a bona fide creditor, who had a right to be preferred so long as he did not participate in any fraudulent purpose in accepting the mortgage. In equity he was entitled to favorable consideration, because he not only had enabled Mrs. Williams to live, but he had made the property, which has been subjected to the debts of Mattie E. Williams, in this case, of more value. At the time he took his mortgage, the judgment of the plaintiff was not a lien.

In **19 O. Jur. 748**, it is said:

"The rule is practically universal under the statute of 13 Elizabeth and those modeled after it, that in order to render a sale for valuable consideration void as to creditors, it is not only necessary that the vendor should have entertained a fraudulent design, but it is also necessary that the vendee should have participated in it. This provision is now specifically carried in §11105 GC."

In the early case of Kemp and Bucky v Walker, et, John Walker and his wife made a mortgage to Kemp and Bucky securing a note in the sum of $1856.24 duly recorded. Certain defendants averred that when Walker made the note that he was in failing financial circumstances and that it was made with intent to defraud creditors and therefor void. The Court, through Judge Hitchcock, at page 120 discussing this claim of defendant said:

"Was the mortgage made for the purpose of defrauding creditors?

There can be no doubt from the testimony in the case that at the time of the execution of this instrument, John Walker was very much embarrassed in his circumstances and hopelessly insolvent. It was not in his pow-

er to pay his debts. It is equally certain that he was at the same time justly indebted to the complainant and that this mortgage was executed to secure the payment of that indebtedness, in part or in whole. It presents the common case of the preference of one of many creditors by a debtor. It was not a conveyance made in trust for the use of a creditor, and made in contemplation of insolvency, which, under the statute, would inure to benefit of all creditors, but a conveyance to the creditor himself and under such circumstances can not be considered fraudulent and void."

Upon the claim of fraud, the adequacy of consideration is always germane. There is no question here that there was substantial and adequate consideration for the note which the mortgage to defendant Lapp secured.

In **Davis v Hambley, 2 Abs 202,** the action was to set aside a deed claimed to have been made in bad faith for insufficient consideration and with fraudulent intent. The Court held that for the plaintiff to obtain a decree she must prove that the transfer was in bad faith, that there was an insufficient consideration and also that defendant had knowledge of a fraudulent intent.

We can conceive of a situation where there might be adequate consideration and fradulent purpose be present, but when an adequate consideration appears, the proof of fraud must be clear and convincing.

Upon the record in this case, we are unable to find that evidence supports the finding that the mortgage of Mrs. Williams to defendant, Lapp, was made in fraud of her creditors.

We do not have before us the balance now in the hands of the Court, the proceeds from the sale of the real estate of Mattie E. Williams.

This cause will be reversed and remanded with instructions to the trial court to determine (1) Whether or not the mortgage, Mattie E. Williams to defendant, Lapp, was properly executed in that the signature of the mortgagor was attested by two witnesses, (2) If the Court finds that the mortgage was duly executed and that the recordation thereof should be reformed to conform to the fact, then defendant, Leslie W. Lapp is entitled to priority over the plaintiff bank for so much of the amount of his note, secured by mortgage, which represents the individual obligation of Mattie E. Williams to him.

Cause reversed and remanded.

GEIGER & BARNES, JJ, concur.