**POTTS, Admr., Plaintiff-Appellant, v. ADAMS, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4241.   Decided October 13, 1949.

Potts & Schmidt, Columbus, for plaintiff-appellant.
Bricker, Marburger, Evatt & Barton, Columbus, for defendant-appellee.

28

**OPINION**

By WISEMAN, J.

This is an appeal on questions of law and fact from a judgment rendered in favor of the defendant by the Common Pleas Court of Franklin County, Ohio.

The plaintiff, Robert C. Potts, as Administrator of the Estate of Fannie L. Adams, brought an action to set aside a deed executed by plaintiff's decedent whereby she conveyed a piece of real estate to the defendant.

The facts were stipulated by counsel which in substance are as follows: In 1936 Fannie L. Adams, deceased, made an application to the Division of Aid for the Aged, Department of Public Welfare, State of Ohio, for old age assistance and in said application she agreed that upon her death the Division of Aid for the Aged should be reimbursed to the extent of the benefits received, with interest, from the residue of her estate, if such residue existed. The application was allowed and she received assistance up to and including the month of June, 1946, in the total sum of $3,827.82. During her lifetime said decedent was the owner of a parcel of real estate located in Franklin County, State of Ohio. On or about the ninth day of August, 1946, the decedent conveyed this real estate to the defendant, Norna L. Adams, her daughter. The deed recited that the consideration was "One Dollar and other valuable considerations". The decedent died approximately four weeks after the transfer was made and subsequently the plaintiff was appointed administrator of her estate. The State of Ohio filed its claim with the administrator, which was allowed. The administrator was unable to discover any assets in decedent's estate and thereafter instituted this action to set aside the conveyance. Actual fraud is not alleged nor proven. The plaintiff relies on a showing of facts which he claims constituted constructive fraud.

The plaintiff contends that the State of Ohio was a creditor of the decedent by virtue of the provisions of §1359-7 GC, which in part provides that "Upon the death of a person, the total amount of aid paid to said person and to his or her spouse under this act, shall be a preferred claim against the estate of such deceased person", etc.

It is also claimed that the State of Ohio was a creditor within the meaning of §8618 GC, which in part provides "every gift, grant, or conveyance of lands, tenements, hereditaments, rents, goods or chattels, and every bond, judgment or execution, made or obtained with intent to defraud creditors of their just and lawful debts or damages, * * * shall be utterly void and of no effect".

It is urged that under the facts the State of Ohio was a contingent creditor. In support of this proposition plaintiff cites the case of **Squire, Supt. of Banks, v. Cramer, 64 Oh Ap 169, 28 N. E. (2d) 516,** which held that the contingent liability of the owner of bank stock constituted the Superintendent of Banks a creditor within the meaning of §8618 GC.

The defendant relies on **Scobey v. Fair, Admr., 70 Oh Ap 51, 45 N. E. (2d) 139,** which held that the Old Age Pension Law did not create contractual relationships between the State and the recipients, and that the relationship of debtor and creditor did not exist.

Both cases are of doubtful authority for the two propositions urged here. The Cramer case can be distinguished on the ground that it has been held that the superadded liability of a stockholder in a bank is a primary contractual obligation created by operation of law **Squire, Supt. of Banks, v. Standen, Gdn., 135 Oh St 1, 18 N. E. (2d) 608.** The Scobey case presented an entirely different factual situation. In that case the question was whether any advances by the State to the wife and the husband were a charge against that part of the estate of the deceased wife which passed to the husband. If the State had been permitted to recover against the husband, it would have amounted to a reimbursement during the lifetime of the recipient. This the State may not do.

The State has no claim which it can assert during the life of the recipient. The money paid by the State was a gratuity. However, we can conceive of a situation where the recipient might convey property for the sole purpose of defrauding the State and thus deprive the State of its right to reimbursement out of the estate of the recipient.

Under the facts stated the State is placed in a position of a subsequent creditor. In **Vol. 19 O. Jur., page 715, Section 35,** a subsequent creditor is defined "as one who becomes a creditor after a transfer sought to be impeached as fraudulent is made". A conveyance may be held to be fraudulent as to subsequent creditors as well as to existing creditors. However, subsequent creditors are in a less favorable position than existing creditors in attempting to set aside a conveyance.

As to subsequent creditors transfers will be set aside only upon proof of actual intent to defraud such creditor. The burden of proof to establish such intent is upon the party asserting it. **Vol. 19, O. Jur., pp. 713, 714, Section 34, Pfisterer v. Traction Company, 89 Oh St 172, 106 N. E. 18; Waxenfelter, Admr., v. Rouch, 30 Abs 376, 377.** See also **Edwards, Admx., v. Monning, 63 Oh Ap 449, 27 N. E. (2d) 156.**

It is urged by the plaintiff in the case at bar that the burden of proof is upon the defendant to prove that the consideration, if any, for the transfer was bona fide and adequate. In support of this proposition plaintiff cites the case of **Allen v. Toth, 22 Abs 457,** which held that "Fraud, as a matter of law, will be implied from the fact that a debtor gives his property away without retaining sufficient to pay his debts". We readily accept this proposition as sound law. However, a consideration of the facts in the instant case shows that this case does not fall in that category. There is no showing made that the decedent gave away her property. The deed recited that the consideration was "One Dollar and other valuable considerations". No effort was made to show that the deed was not given for a valuable consideration, or that the consideration was inadequate. Neither does the record show that decedent, by the transfer, rendered herself insolvent or intended thereby to defraud her creditors. The existence of these essential facts will not be presumed as a matter of law from the fact that the administrator was unable to find any assets in the estate of the decedent.

The burden of proof at all times rested on the plaintiff to prove all the essential elements in the case. From the facts appearing in the record the plaintiff failed to make a prima facie case which would have required defendant to go forward with the evidence. The record clearly shows a failure of proof.

**Sec. 1359-20 GC,** which in substance provides that when the consideration does not approximate the fair market value of the property, or when the consideration for such transfer is not paid, such transfer shall be deemed prima facie fraudulent, has no application to the facts in this case as this section was enacted after the transfer was made. However, the enactment of this section is indicative of the fact that our State Legislature realized that without such statutory provision the State was without a remedy.

Judgment for the defendant.

MILLER, PJ, and HORNBECK, J, concur.