**In re Hiram A. RICHARDSON, Debtor.**

**Bankruptcy No. 2–84–01196.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Dec. 10, 1987.

Pamela Maggied, Columbus, Ohio, for debtor.

James D. Colner, Matan & Smith, Columbus, Ohio, for Bayless.

Frederick Luper, Columbus, Ohio, trustee.

## ORDER ON MOTION FOR VALUATION OF CLAIM

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a motion filed by debtor Hiram A. Richardson asking this Court to value the claim of Bruce Howell and/or Gregory Bayless ("Bayless") pursuant to 11 U.S.C. § 506. That motion was opposed by Bayless and was tried to the Court. The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (O).

The debtor filed his bankruptcy case under the provisions of Chapter 7 of the Bankruptcy Code on April 18, 1984. One of the creditors listed on his schedule of liabilities was Bayless, a creditor with a judgment in the amount of $100,000. In his asset schedules the debtor listed a residence located at 3061 Atwood Terrace, Columbus, Ohio, as his only real property against which Bayless' judgment might create a lien.

The trustee in bankruptcy administered the debtor's estate, and after distribution to creditors, including $998.99 paid to Bayless, the case was closed on November 28, 1986. The case was reopened on July 22,

1987 for the purpose of considering the debtor's motion to value Bayless' claim.

By his motion the debtor seeks to have this Court find that because Bayless had no allowed secured claim in the bankruptcy case, his lien is void. 11 U.S.C. § 506(d). That finding would mean that the debtor's remaining obligation to Bayless was discharged by the provisions of 11 U.S.C. § 524, that Bayless' certificate of judgment has no post-bankruptcy effect, and that any lien created by the filing of that judgment failed to survive the bankruptcy. The right of a Chapter 7 debtor to use the provisions of § 506(d) to protect his fresh start has been established, and neither that right nor the procedural mechanism invoked were challenged in this matter. *In re Crouch*, 76 B.R. 91 (Bankr.W.D.Va. 1987); *Gibbs v. F. & M. Marquette National Bank (In re Gibbs)*, 44 B.R. 475 (Bankr. D.Minn.1984).

It is undisputed that Bayless obtained a judgment against the debtor in the amount of $100,000. That judgment apparently resulted from an injury to Bayless inflicted by the debtor. It is also undisputed that a certificate evidencing that judgment was properly filed in late 1983 in the records of Franklin County, Ohio, thereby creating a lien against any real property owned by the debtor at the time his bankruptcy case was filed. The issue before the Court is whether the debtor can avoid the operation of that lien through the provisions of 11 U.S.C. § 506(d).

The debtor asserts that at the time his bankruptcy case was filed, no value existed in his residence in excess of mortgages which were prior to Bayless' lien. Bayless, however, argues that the second mortgage against the debtor's real property is invalid, making his claim secured and creating a lien which survives the debtor's discharge in bankruptcy.

Whether a claim is allowed as a secured claim is governed by 11 U.S.C. § 506(a), which states in applicable part:

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ..., and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim ..."

The uncontroverted testimony of the debtor established that the fair market value of the real property on April 18, 1984 was $28,000.[1] That value must be reduced by estimated costs which the estate or any creditor to whom the property might be abandoned for sale necessarily would incur in selling the property. In this district, absent evidence establishing actual costs, sale expenses are assessed at 10% of the fair market value of the property. See *In re Neal*, 10 B.R. 535 (Bankr.S.D.Ohio 1981). When real estate brokerage fees of 7%, trustee compensation, closing costs and legal fees are taken into consideration, 10% appears to be a realistic guide. Accordingly, after reduction for hypothetical costs of sale, the estate's interest in the property is approximately $25,200.

The bankruptcy estate's interest in any asset is also subject to existing valid liens. *U.S. v. Darnell (In re Darnell)*, 834 F.2d 1263 (6th Cir.1987). It is uncontested in this matter that the real property is subject to a valid first mortgage granted in 1977 in favor of Yerke Mortgage Company. The pay-off balance on that mortgage, as of the bankruptcy filing date, was $20,228.12. Subtraction of that amount leaves a value of approximately $4,971.88 against which Bayless' claim could be asserted.

Much of the trial centered upon Bayless' attempt to show that the second mortgage was invalid and should not be permitted to affect or preempt Bayless' lien rights against the debtor's property. However, for reasons stated below, whether or not that mortgage is valid has no effect upon the status of Bayless' claim.

The second mortgage was granted by the debtor to his father in October, 1982 to

---

**1.** The date of the bankruptcy filing is the appropriate time for determining the value of property against which a secured claim is asserted when the purpose of the valuation is to determine the survival of the lien against the discharge.

secure an obligation to repay legal fees advanced on the debtor's behalf for defense of civil and criminal actions related to Bayless' claim. If that mortgage is valid, the estate's remaining interest in the real property would be subject to that lien. The Court believes that mortgage is valid. It was established by testimony that the debtor's father paid $20,000 to the attorney representing his son in those actions. No intention to make a gift or defraud Bayless was proven, and even though no separate note exists and no repayment arrangement is currently in effect, the debtor's father expects to be repaid once the debtor's financial position improves. Therefore, the Court finds that Bayless has failed to establish sufficient facts to establish a fraudulent transfer or any other legal basis for the invalidation of this mortgage. See *Underwood v. Lapp*, 29 Ohio L.Abs. 582 (Ct. App.1939); *Waxenfelter v. Rouch*, 30 Ohio L.Abs. 376 (Ct.App.1938). The amount of the unpaid obligation secured by the second mortgage at the time the bankruptcy was filed was $20,000, an amount which consumed the estate's remaining interest of $4,971.88. Therefore, the estate's interest was subject entirely to valid liens against the property which were prior to Bayless' interest.

If the debtor's mortgage to his father were avoidable or invalid, however, on some sort of fraudulent transfer theory not raised during the pendency of the bankruptcy case and not proven during the hearing on the debtor's motion, the estate's interest in the real property against which Bayless' claim could be asserted as secured would have been $4,971.88. In that instance, however, the debtor's homestead exemption, properly asserted in the amount of $5,000 pursuant to 11 U.S.C. § 522(b) and Ohio Revised Code § 2329.66(A)(1), would have preempted any secured value attributable to Bayless' interest. The debtor then would have been able to bring an action pursuant to 11 U.S.C. § 522(f)(1) to avoid that lien to the extent the lien impaired his exemption when the bankruptcy was filed. The exemption available because of the removal of the second mortgage would further decrease the estate's

interest in the property available for Bayless' lien. Because a judgment lien creditor may not execute against a properly asserted exemption under Ohio law,[2] invalidation of the second mortgage would merely have given rise to the debtor's right to have his exemption recognized by avoiding the fixing of Bayless' judgment lien.

It is therefore evident that no value existed in the estate's interest in the real property against which Bayless could have successfully asserted a secured claim or lien position at the time this bankruptcy case was filed. This finding is corroborated by the fact that Bayless filed his claim in this case as unsecured and received a distribution from the estate on that basis.

Consistent with the foregoing, the debtor's motion for an order finding that Bayless was only an unsecured claimant in this case is sustained. Accordingly, Bayless' lien arising from his certificate of judgment is void pursuant to 11 U.S.C. § 506(d). This order may be filed of record to cause removal of that lien from the real property records of Franklin County, Ohio.

IT IS SO ORDERED.

---

**2.** Ohio Revised Code § 2329.66(A)(1).