**In re Richard R. SPADEL, Sarah M. Spadel, Debtors.**

**Richard R. SPADEL, Sarah M. Spadel, Plaintiffs,**

v.

**HOUSEHOLD CONSUMER DISCOUNT CO., Defendant.**

**Bankruptcy No. 81–01216G.**
**Adv. No. 81–1779G.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 23, 1983.

Mitchell W. Miller, The Bankruptcy Clinic, Inc., Philadelphia, Pa., for debtors/plaintiffs, Richard R. Spadel and Sarah M. Spadel.

Alexander Hemphill, Monteverde, Hemphill, Maschmeyer & Overt, Philadelphia, Pa., for defendant, Household Consumer Discount Co.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The threshold issue in the case at bench is whether the claim of the third mortgagee is an "unsecured claim" within the meaning of section 506(a) of the Bankruptcy Code ("the Code"). We conclude that, since there is no equity in the debtors' residence over and above the first two mortgages, the claim of the third mortgagee is unsecured pursuant to section 506(a).

The second issue presented herein is whether the debtors can avoid the lien of the third mortgagee under section 506(d) of the Code. We conclude that, since no party in interest, including the debtors, requested us to determine and allow or disallow the claim of the third mortgagee pursuant to section 502 of the Code, the lien of the third mortgagee is not avoidable and passes through the debtors' bankruptcy proceeding unaffected.

The final issue before us is whether the third mortgagee is bound by the terms of the debtors' confirmed chapter 13 plan which proposes to make the third mortgagee's claim unsecured and also proposes to avoid the third mortgagee's lien. We conclude that, insofar as the confirmed plan provides for payments to the third mortgagee on its unsecured claim, the third mortgagee is so bound; but that the mortgage lien itself remains viable pursuant to section 506(d)(1) of the Code.

The facts of the instant case are as follows:[1] On April 4, 1981, Richard R. Spadel and Sarah M. Spadel ("the debtors") filed a petition for relief under chapter 13 of the Code. The debtors' residence has a fair market value of $22,779.00 but the combined totals of the first and second mortgages against said residence is $22,781.00.[2] On December 2, 1981, the debtors filed the instant complaint to avoid the mortgage lien of the Household Consumer Discount Company ("HCDC"), the holder of a third mortgage against the debtors' residence in the amount of $3,300.00, pursuant to section 506 of the Code. The debtors allege that HCDC's claim is unsecured and that, consequently, its mortgage lien securing said claim should be declared null and void.

■ We first address the debtors' contention that the claim of HCDC is unsecured within the meaning of section 506(a) of the Code which provides:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valu-

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. *See* Stipulation at ¶'s 1, 2, 3 and 4.

ation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a).

Since the parties have stipulated that there is no equity in the debtors' residence over and above the first two mortgages, we must conclude, in accordance with section 506(a), that HCDC has an unsecured claim for $3,300.00.

■ We next consider whether the debtors can avoid the lien of HCDC pursuant to section 506(d) of the Code. That section provides:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or

(2) such claim was disallowed only under section 502(e) of this title.

11 U.S.C. § 506(d).

But HCDC contends, *inter alia,* that its mortgage lien is not avoidable because no party in interest, including the debtors, requested us to determine and allow or disallow its claim under section 502(a) of the Code which provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." 11 U.S.C. § 502(a). We agree.[3] Collier's states that:

Where a party in interest has not requested that the court make the determination concerning the allowability of the claim pursuant to the allowability provisions of section 502, the lien is *not* void notwithstanding that it secures a claim against the debtor that would not be an

allowed secured claim under section 506(a) (emphasis in original).

3 Collier on Bankruptcy ¶ 506.07 at 506–19 (15th ed.).

Moreover, the legislative history behind section 506(d) establishes that a lien which secures a claim against a debtor that would not constitute an "allowed secured claim" under section 506(a) will nevertheless survive bankruptcy if there has been no determination of the "allowability" of said claim pursuant to section 502:

Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed.

*See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 357 (1977). *See also Nefferdorf v. Federal National Mortgage Association,* 26 B.R. 962 (Bkrtcy.E.D.Pa.1983); 3 Collier on Bankruptcy ¶ 506.07 at 506–21 (15th ed.). While HCDC's lien would not constitute an "allowed secured claim" under section 506(a) of the Code because there is no equity in the debtors' residence over and above the first two mortgages, section 506(d)(1) of the Code, nevertheless, expressly prohibits the avoidance of said lien because a party in interest, including the debtors, did not request the bankruptcy court to determine and allow or disallow HCDC's claim pursuant to section 502 of the Code. Therefore, in accordance with section 506(d)(1), we conclude that HCDC's mortgage lien is not void and that it remains unaffected by the debtor's bankruptcy.

■ Finally, the debtors argue that, since HCDC did not object to their chapter 13 plan, it is bound by the terms of the confirmed plan which proposes to avoid the mortgage lien held by HCDC against the debtors' residence and make HCDC's claim

---

**3.** HCDC also contends that § 506(d) does not allow for the avoidance of real property mortgages. *Contra,* In re Tanner, 14 Bankr. 933 (Bankr.W.D.Pa.1981). Because we conclude

that HCDC's lien is not avoidable pursuant to 506(d)(1), we will not consider this additional ground.

unsecured pursuant to section 506 of the Code.[4] Section 1327 of the Code provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C. § 1327.

As to the debtors contention that HCDC's lien is avoided because the confirmed plan provided that said lien was to be avoided, we find it dispositive that HCDC's lien is expressly *un*avoidable by virtue of section 506(d)(1). Section 1322(b)(10) provides that a plan under chapter 13 may "include any other appropriate provision not inconsistent with this title."[5] *See In re Graham,* 15 B.R. 1010, 1012 (Bkrtcy.E.D.Pa.1981); *In re McKay,* 15 B.R. 1013, 1016 (Bkrtcy.E.D.Pa. 1981). In the case *sub judice,* the provision in the debtors' plan proposing to avoid HCDC's lien is plainly inconsistent with section 506(d)(1) of the Code. Therefore, we conclude that HCDC's lien passes through the debtors' bankruptcy proceeding unaffected.

 Finally, HCDC alleges that § 1322(b)(2) of the Code prevents the debtors from modifying its rights under the plan. Section 1322(b)(2) provides:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of *secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence,* or of holders of unsecured claims (emphasis added).

While HCDC may possess "a claim secured only by a security interest in real property that is the debtors' principal residence," it is not the holder of a "secured claim" by virtue of § 506(a) of the Code, and, therefore, the exception set forth in § 1322(b)(2) does not apply to HCDC.

---

4. HCDC filed a proof of claim in the amount of $4,400.00 on August 14, 1981. Prior thereto, on August 10, 1981, the debtors chapter 13 plan was confirmed. HCDC concedes that, for purposes of distribution under the plan, it has an unsecured claim for $3,300.00, the sum provided for by the debtors in their plan. *See* HCDC's memorandum of law at p. 2.

5. 11 U.S.C. § 1322(b)(10).