**In re Evelyn ENDLICH, Debtor.**

**Bankruptcy No. 182–11509–260–N.**

United States Bankruptcy Court,
E.D. New York.

March 22, 1985.

A. Mitchell Greene, Sherman, Citron & Karasik, P.C., for Debtor, New York City, for debtor.

Edward D. Gewirtz, Cedarhurst, N.Y., for Joseph DeLeo.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Judge.

This is a motion brought pursuant to 11 U.S.C. Section 350(b) by Evelyn Endlich, a Chapter 7 debtor, seeking to reopen her bankruptcy case to hold a valuation hearing pursuant to 11 U.S.C. Section 506(a) to reclassify a second mortgage as an unsecured claim encompassed by the discharge previously granted her. The motion is granted to the extent of reopening this case to consider the requested relief. The motion is denied insofar as it seeks to reclassify the second mortgage.

## FACTS

On April 10, 1982, the debtor, Evelyn Endlich, filed a petition under Chapter 13 of the Bankruptcy Code. On November 4, 1983, upon application of the debtor, the case was converted to a Chapter 7. She listed two mortgages as secured debts on real property which she owned. The first mortgage was held by the Greater New York Savings Bank in the sum of $24,000. The second mortgage, held by Joseph De-Leo, was listed for $31,000. The trustee requested an appraisal of the mortgaged property. It was valued at $24,000. He thereupon filed a report indicating that he had no interest in any property of the estate.

The debtor was granted a discharge and the case was closed. Thereafter she made the present motion pursuant to § 350(b) to reopen her case, to make a determination in accordance with Section 506(a)[1] that the DeLeo mortgage be classified as an unsecured claim, directing that the mortgage be cancelled and that the County Clerk of Kings County where the property is located, be directed to make an entry of discharge upon the appropriate mortgage docket.

The debtor cites no authority to support the reopening of her case for the requested relief, which she summarizes as "the avoidance of a lien pursuant to Section 506(a)." (Debtor's Reply Affirmation, August 9, 1984 at 6.) She claims there is no equity in the real property over the first mortgage, rendering the second mortgage totally unsecured and thus void. She argues that her request should be permitted by analogy to 11 U.S.C. Section 522(f), which allows debtors to avoid particular kinds of liens that impair exemptions to which they are entitled.

■ The second mortgagee, in opposition, alleges that the debtor defaulted on his mortgage which was due and payable June 10, 1982 shortly after the petition for relief under Chapter 13 was filed. He states that unless a party in interest ob-

jects, a claim or interest is deemed allowed, as provided for by § 502(a)[2] of the Code. Consequently, he reasons, a pre-petition lien which has not been avoided during the bankruptcy proceeding will survive the bankruptcy. In addition, the creditor counters that the real property has increased in value since its appraisal approximately two years ago, rendering the second mortgage fully secured. In a hearing held before this court, the case was reopened for the purpose of considering the requested relief.

## II

## ISSUE

After a Chapter 7 case is closed, should the debtor be permitted to reclassify a second mortgage as an unsecured claim on the ground that there was no equity in the real property over the first mortgage at the time her discharge was granted and then include this obligation within the scope of the discharge?

## III

## DISCUSSION AND CONCLUSIONS OF LAW

■ The court, in its discretion, has reopened this case pursuant to Section 350(b) of the Bankruptcy Code to consider the debtor's request for relief.[3] This court

---

1. Section 506(a) provides:
    (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

2. This case is governed by the Bankruptcy Reform Act of 1978 (Pub.L. No. 95–598). The statutory provisions amended or added by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (Pub.L. No. 98–353) are only

effective as to cases filed 90 days after the date of its enactment, July 10, 1984. This case was commenced prior to that time. Section 502 to the extent it was pertinent to the instant case stated:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.
>
> . . . .
>
> (j) *Before a case is closed*, a claim that has been allowed may be reconsidered for cause, and reallowed or disallowed according to the equities of the case. (emphasis added).

3. Once a bankruptcy case has been closed, it may be reopened pursuant to 11 U.S.C. Section 350(b) which provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Section 350(b)

finds that once a bankruptcy case is closed, a valuation hearing and classification of a debt pursuant to Section 506(a) may not take place.

■■■ "[I]t was established under the 1898 Act that a lien is not affected by a discharge" in bankruptcy. 1A *Bankr.L. Ed., Summary* § 7:96 (October 1981). A discharge affects and voids only the personal liability of a debtor with respect to a debt. However, a valid lien which has not been avoided in the pre-discharge period of a bankruptcy proceeding survives the bankruptcy unaltered. *See, e.g., Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886). Accordingly, creditors holding unavoided liens have the right to exercise their *in rem* rights against the property securing the lien after the granting of a discharge. *In re Smiley*, 26 B.R. 680, 10 B.C.D. 97 (Bkrtcy.D.Kan.1982): *In re Cassi*, 24 B.R. 619, 9 B.C.D. 1022 (Bkrtcy.N.D. Ind.1982). This rule has endured and presently manifests itself in § 506.

■■ A full understanding of Section 506 requires a study of the interrelationship of several sections of the Bankruptcy Code. Section 506(a) provides a mechanism for dividing an allowed claim of a creditor which is secured by a lien into a secured and unsecured portion. "[The creditor] has a secured claim to the extent of the value of his collateral; he has an unsecured claim for the balance of the claim." H.R. No. 95–595, 95th Cong., 1st Session 356 (1977), *reprinted in* 1978 U.S.Code Cong. and Ad. News 5963, 6312. Section 506(d) requires a party in interest to request allowance or disallowance of a claim.[4] Where a party in interest has not requested that the court make the determination concerning the allowability of a claim, the lien is not void.

Collier's, in its discussion of Section 506(d) states:

> In order to be properly understood, Section 506(d) may be viewed as a reconciliation of two principal competing interests: the need for a debtor to obtain a fresh start, on the one hand, and the right of a lienholder to be protected from deprivation of his property without due process. The interests are reconciled by requiring that the lienholder be given the opportunity for his "day in court" before any action affecting his lien can be taken. If he is given the opportunity for his day in court, his lien will survive (unless he agrees to a different treatment) to the extent his claim is allowed and will be voided to the extent his claim is disallowed (for any reason other than it is a claim for reimbursement or contribution within the purview of Section 502(e)). If the lienholder is not given the opportunity for his day in court (i.e., if no party in interest requests allowance or disallowance of his claim), his lien survives the bankruptcy case even if the entire personal liability of the debtor is extinguished.
>
> Thus, the holder of a secured claim has greater protection with respect to his lien than he does with respect to the claim it secures.

3 *Collier on Bankruptcy*, Para. 506.07 at 506–48 to 49 (15th ed. 1984). Thus, where no party in interest has requested this determination, the lien is valid even if the claim which it secures is not an "allowed" secured claim under Section 506(a).

■■ Section 506(d) also triggered Section 502(j), as it read before the 1984 Amend-

---

leaves the determination of sufficient "cause" to reopen a case to the discretion of the court based upon the facts of each case. *In re Sheerin*, 21 B.R. 438, 9 B.C.D. 491 (Bkrtcy.App. 1st Cir.1982); *In re McNeil*, 13 B.R. 743, 8 B.C.D. 114 (Bkrtcy.S.D.N.Y.1981); *In re Bloomfield*, 3 B.C.D. 760 (Bkrtcy.S.D.N.Y.1977); 2 *Collier on Bankruptcy*, Para. 350.03 at 350–6 (15th ed. 1984).

**4.** Section 506(d) states:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or

(2) such claim was disallowed only under section 502(e) of this title.

ments [5] which set a time limit in which the valuation hearing must take place. Subsection (j) of Section 502 specifically stated that *"[b]efore a case is closed,* a claim that has been allowed may be reconsidered for cause and allowed or disallowed according to the equities of the case." (emphasis added). This language indicates that the allowance and disallowance of claims according to Section 502 ceased at the close of the case. *In re Schneider,* 37 B.R. 115, 3 Bankr.L.R. (CCH) 69709 (Bkrtcy.E.D.N. Y.1984).

The court, in *In re Spadel,* 28 B.R. 537, 10 B.C.D. 506 (Bkrtcy.Pa.1983), considered a situation analogous to the present one. In *Spadel,* after confirmation of a Chapter 13 plan, debtors requested that the court avoid a third mortgage on the ground that there was no equity in the real estate over and above the first two mortgages. The court, while agreeing that the claim of the third mortgagee was unsecured under Section 506(a), held that the mortgage could not be avoided. The *Spadel* court explained:

> While [the third mortgagee's] lien would not constitute an "allowed secured claim" under Section 506(a) of the Code because there is no equity in the debtors' residence over and above the first two mortgages, Section 506(d)(1) of the Code, nevertheless, expressly prohibits the avoidance of said lien because a party in interest, including the debtors, did not request the bankruptcy court to determine and allow or disallow the [third

mortgagee's] claim pursuant to Section 502 of the Code. Therefore, in accordance with Section 506(d)(1), we conclude that [the third mortgagee's] lien is not void and that it remains unaffected by the debtor's bankruptcy.

*Id.* at 539.

In the present case, the debtor's real property was valued at $24,000, the exact sum of the first mortgage. It appears that the debtor had no equity in the property over and above the first mortgage. As a result, and by virtue of § 506(a), the claim of DeLeo was deemed unsecured and to that extent it was discharged when the debtor received her discharge. However, the *lien* was not discharged, particularly in light of the fact that there was no objection made to the claim. The lien, therefore, survived the bankruptcy, although the debtor's personal liability was extinguished.

■ There remains for consideration the debtor's contention that she should now be permitted after her case is closed to avoid this mortgage by analogy to 11 U.S.C. § 522(f). She argues that since courts have permitted avoidance of a lien under Section 522(f) [6] after a case is closed, valuation and avoidance of a lien pursuant to Section 506(a) should similarly be allowed. Section 522(f) allows a debtor to avoid judicial liens and specific security interests, to the extent those liens impair an exemption, to which the debtor is entitled.[7] Section

**5.** See *supra* note 2. Section 502(j) as amended now permits a claim to be reconsidered for cause although that claim might have been previously disallowed and this may take place even after the case is closed, depending on the equities.

**6.** Section 522(f) provides:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien; or
(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor;
(B) implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor; or
(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

**7.** *In re Moser,* 27 B.R. 144 (Bkrtcy.E.D.N.Y. 1983); *In re Hall,* 22 B.R. 701, 9 B.C.D. 588 (Bkrtcy.E.D.Pa.1982); *Matter of Montney,* 17 B.R. 353, 8 B.C.D. 931 (Bkrtcy.E.D.Mich.1982); *In re Gortmaker,* 14 B.R. 66, 8 B.C.D. 67 (Bkrtcy.D.S.D.1981).

522(f) does not deal with consensual liens. A mortgage is a consensual lien and may not be avoided under Section 522(f). *See In re Weathers,* 15 B.R. 945, 8 B.C.D. 524 (Bkrtcy.D.Kan.1981).

Based upon the foregoing, the debtor's motion to reclassify a second mortgage is denied.

SO ORDERED.