**In re Julius D. WOLF and Carol Wolf, Debtors.**

**Bankruptcy No. B85–01171.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Feb. 27, 1986.

---

Jeffrey W. Brader, Cleveland, Ohio, for debtors Julius D. and Carol Wolf.

### ORDER

WILLIAM J. O'NEILL, Bankruptcy Judge.

The Debtors herein, Julius and Carol Wolf, filed motions to determine the secured status of liens and to avoid liens under Sections 506 and 522, respectively, of the United States Bankruptcy Code. No responses were filed. After hearing and on consideration the Court finds the relief requested is unwarranted.

The following facts are pertinent:

1) On May 15, 1985, Debtors filed their petition under Chapter 7 of the United States Bankruptcy Code.

2) In Schedule B–4 of the petition, Debtors claim a $10,000.00 exemption under the Ohio statute in real property used as their principal residence. The property is located at 5000 Hamm Avenue in the City of Cleveland, County of Cuyahoga, State of Ohio.

3) Debtors' motions seek to avoid judicial liens of Maislin Transport, Marymount Hospital, Grace Bucci and St. Alexis Hospital.

4) On August 8, 1985, Grace Bucci filed a $100.00 claim to which there has been no objection.

5) Debtors' schedules and testimony value the property at $11,714.28. This valuation is based on an April 5th, 1985 letter of the Cuyahoga County Treasurer issued for tax purposes.

6) The property is subject to a first priority consensual mortgage lien securing a promissory note to Third Federal Savings and Loan. When Debtors' petition was filed, this indebtedness was $6000.00.

7) At the time of petition the following judgment liens were outstanding against the Debtors: Maislin Transport, $606.04 with 8% interest from January 15, 1982; Marymount Hospital, $2,105.20 with 10% interest from June 1, 1983; Grace Bucci, $75.00 with 10% interest from February 24, 1984; St. Alexis Hospital, $1,852.80 with 10% interest from September 18, 1984.

### I. SECTION 506

Section 506(d) provides certain liens are void,

"(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title." 11 U.S.C. § 506(d).

Section 506(a) states, in part,

"An allowed claim of a creditor secured by a lien ... is a secured claim to the

extent of the value of such creditor's interest in the estates interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim." 11 U.S.C. § 506(a).

Debtors seek to avoid liens under Section 506(d) based on their status as unsecured claims under 506(a). Section 506(d) permits no such avoidance.

■ Section 506(d) requires a secured claim to be disallowed as a prerequisite to avoidance of the lien. Disallowance of claims is controlled by Section 502 which provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). A lien cannot be voided under Section 506, therefore, unless the claim has been disallowed under Section 502. See *Simmons v. Savell*, 765 F.2d 547 (5th Cir.1985); *In re Endlich*, 47 B.R. 802 (Bankr.E.D.N.Y.1985); *In re Schneider*, 37 B.R. 115 (Bankr.E.D.N.Y.1984); *Nefferdorf v. Federal National Mortgage Association*, 26 B.R. 962 (Bankr.E.D.Pa.1983); and *Spadel v. Household Consumer Discount Co.*, 28 B.R. 537 (Bankr.E.D.Pa.1983).

■ Reference to Section 506(a) and a secured creditor's status as an unsecured claimant for purposes of that subsection is inappropriate for lien avoidance under Section 506(d). The legislative history supports this determination.

"Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by a lien under Section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed." See H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 357 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6313. See also 3 Collier on Bankruptcy ¶ 506.07 at 506–61 (15th Ed.1985).

■ Grace Bucci filed a claim and, in absence of objection, it is deemed allowed. 11 U.S.C. § 502(a). As an allowed claimant under Section 502, her lien is not subject to avoidance under 506(d). The other three judgment creditors filed no claims. Under Section 506(d)(2), however, failure to file a claim does not render a secured claim disallowed for purposes of lien avoidance. The four judgment liens, therefore, are not void under Section 506.

## II. SECTION 522

Section 522(f) provides:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien ..." 11 U.S.C. § 522(f)

Do the four judgment liens sought to be avoided impair Debtors' $10,000.00 homestead exemption? Clearly, they do not, and avoidance is thus inappropriate.

■ Under Section 522(b)(2)(A) a debtor may exempt property that is exempt under applicable state law on the date petition is filed. 11 U.S.C. § 522 (b)(2)(A). The Bankruptcy Code provides that federal bankruptcy exemptions are not available under Ohio law. 11 U.S.C. § 522(b)(1), and Ohio Rev.Code § 2329.662. Debtors claim exemptions in residential real property under the Ohio exemption statute, Ohio Revised Code § 2329.66, which states:

"(A) Every person who is domiciled in this state may hold property exempt *from execution, garnishment, attachment or sale to satisfy a judgment or order* as follows:

(1) the persons interest, not to exceed five thousand dollars in one parcel or item of real or personal property that the person or a dependant of the person uses as a residence ..." Ohio Rev.Code § 2329.66(A)(1).

Under Ohio law, judgment lien holders may only enforce liens against the Debtors' residence in the equity which exceeds $10,-000.00. Furthermore, absent involuntary disposition of Debtors' property, the exemption is not impaired. Section 522(f)

avoidance is available only to the extent "a lien impairs the exemption". Absent an involuntary disposition, therefore, Section 522(f) is unavailable as a mechanism for avoiding judicial liens. See *National Deposit Guarantee Corp. v. Peck*, 55 B.R. 752 (N.D.Oh.1985).

For the reasons stated, Debtors' motions are denied.

IT IS SO ORDERED.