In re Robert T. GASH, Jr. and Patricia A. Gash, Debtors.

**Bankruptcy No. B85–1717.**

United States Bankruptcy Court, N.D. Ohio, E.D.

March 6, 1986.

Glenn Forbes, Painesville, Ohio, for Robert and Patricia Gash.

Saul Eisen, Cleveland, Ohio, Trustee.

Lee R. Kravitz, Cleveland, Ohio, for Joseph Horne Co.

## ORDER

WILLIAM J. O'NEILL, Bankruptcy Judge.

Before the Court is the motion of Debtors, Robert and Patricia Gash, to avoid judicial liens of Sears, Roebuck and Co., Joseph Horne Co., J.C. Penney Co., May Co., and Daniel C. Carmack, Trustee. Joseph Horne Co. filed a motion to dismiss and a brief in opposition to relief requested. No other responses were filed. Debtors and Respondent submitted this matter on the following stipulations:

"1. The fair market value of the property owned by debtors at 89 Wilmington Drive, Painesville, Ohio, is $59,000.00.

2. That a mortgage in the sum of $43,900.00 to Ohio Savings Association, filed July 7, 1977, is in full force and effect.

3. That a certain second mortgage to Ohio Savings Association, filed March 4, 1981, in the sum of $10,712.00, is in full force and effect.

4. That a certain mortgage filed March 29, 1982, to Ameritrust Company, in the sum of $37,500.00 is in full force and effect.

5. That the amount due on the above described mortgages is in excess of $59,000.00.

6. That the following judgment liens are filed of record: judgment lien in favor of Joseph Horn (sic) Company, filed November 15, 1984, at Judgment Lien Docket 35, page 381B, in the sum of $1,046.07, plus costs and interest; judgment lien in favor of J.C. Penny (sic) Co., filed January 10, 1985, at Judgment Lien Docket 35, page 519B, in the sum of $971.50, plus interest and costs; and judgment lien in favor of Daniel C. Carmack, Trustee, filed May 2, 1985, at Judgment Lien Docket 36, page 390B, in the sum of $6,250.00, plus interest and costs."

In addition the Court finds:

7. On July 16, 1985, Debtors filed their petition under Chapter 7 of the United States Bankruptcy Code.

8. On August 20, 1985, Joseph Horne Co. filed a $988.82 claim which was subsequently withdrawn on February 11, 1986.

9. On September 16, 1985, Daniel C. Carmack, Trustee in Bankruptcy for the estate of Debtor, Robert C. Willis, filed a general unsecured claim for $6,250.00 to which there is no objection.

10. On October 21, 1985, Sears, Roebuck and Co. filed a general unsecured claim for $2,161.51 with no objection thereto.

11. None of the remaining lien holders at issue filed claims.

Debtors seek avoidance of the judgment liens under Section 506. 11 U.S.C. § 506. Specifically, they assert there is no equity to support the liens which are, therefore, unsecured claims under Section 506(a) and thus void liens under 506(d). Respondent questions the procedural propriety of Debtors' motion and maintains Section 506 does not provide the requested relief. The Court addresses the Debtor's motion on substantive rather than procedural grounds.

Section 506(a) provides in part:

"(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such

creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C. § 506(a).

As stipulated, Debtors' property is subject to three mortgages and no equity exists therein. The judgment liens on the property are, therefore, unsecured under Section 506(a). This unsecured status, however, provides no basis for avoidance of the liens under Section 506(d) which states,

"(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) such claim was disallowed only under Section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under Section 501 of this title."

A lien is not void by the terms of this section unless a party in interest requested the court, under Section 502, to determine allowability of the claim which the lien secures. The legislative history supports this view:

"Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under Section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 357 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6313.

Therefore, while a lien which secures a claim is not an "allowed secured claim" under Section 506(a), it survives bankruptcy if there was no determination of its allowability under Section 502. See *Simmons v. Savell*, 765 F.2d 547 (5th Cir.1985); *In re Endlich*, 47 B.R. 802 (Bankr.E.D.N.Y.1985); *Spadel v. Household Consumer Discount Co.*, 28 B.R. 537 (Bankr.E.D.Pa.1983); *Nefferdorf v. Federal National Mortgage Association*, 26 B.R. 962 (Bankr.E.D.Pa.1983); and *Hotel Associates, Inc. v. Trustee of Central States S.E. and S.W. Areas Pension Fund*, 3 B.R. 340 (Bankr.E.D.Pa.1980).

■ Respondent's claim herein was withdrawn and, consequently, no party in interest requested determination of allowability under Section 502. Moreover, the reason Respondent holds no "allowed secured claim" is "due only to the failure of any entity to file a proof of such claim under Section 501 of this title". 11 U.S.C. § 506(d)(2). Similar circumstances and treatment are accorded the remaining liens sought to be avoided except those of Daniel C. Carmack and Sears, Roebuck and Co. Carmack and Sears filed claims; however, since no determination of allowability under Section 502 was requested, their liens are not void under Section 506(d).

For reasons stated, the Debtors' motion is denied.

IT IS SO ORDERED.