**In re Rodney P. WISE and Cherry L. Wise aka Vermillion, Debtors.**

**Rodney P. WISE, et al., Plaintiffs,**

**v.**

**DIAMOND SAVINGS AND LOAN COMPANY, Defendant.**

Bankruptcy No. 92–3082.

Related No. 91–34534.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 9, 1992.

█

William Scott O'Brien, Findlay, OH, for plaintiffs.

Kevin C. Smith, Findlay, OH, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Defendant's and Plaintiffs' Motions for Summary Judgment. The Court has reviewed the written arguments of counsel, supporting memorandum, and exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, this Court finds that both Plaintiffs' and Defendant's Motions for Summary Judgment should be granted in part.

## FACTS

Plaintiffs and Defendant have stipulated to the substantive facts. On October 24, 1990, a first mortgage was recorded granting Cherry L. Wise, aka Vermillion, interest in real estate located at 111 West Main Street, Cairo, Ohio. This mortgage, in the amount of Thirty Three Thousand Nine Hundred Eighty Nine and 00/100 Dollars ($33,989.00), was held by Huntington Bank (hereafter "Huntington"), a secured creditor. Huntington subsequently assigned the mortgage to Leader Mortgage Company (hereafter "Leader"). On October 30, 1990, a second mortgage was recorded in the amount of Five Thousand and 00/100 Dollars ($5,000.00).

On November 21, 1991, the balances due on the first and second mortgages were Thirty Three Thousand Seven Hundred Eighteen and 83/100 Dollars ($33,718.83) and Four Thousand Five Hundred Fifteen and 71/100 Dollars ($4,515.71) respectively. The parties agree that on November 21, 1992, the fair market value of the real estate was Thirty Three Thousand Five Hundred and 00/100 Dollars ($33,500.00). An appraisal dated January 30, 1992 placed the value of the real estate at Thirty Three Thousand Five Hundred and 00/100 Dollars ($33,500.00).

Procedurally, Plaintiffs filed for relief pursuant to Chapter 7 of the United States Bankruptcy Code on November 21, 1991. The Trustee filed a Report of Trustee In

No–Asset Case on January 24, 1992 certifying that the estate had been fully administered. Plaintiff, Cherry Wise, aka Vermillion, reaffirmed the first mortgage. She did not reaffirm the second mortgage. A Complaint to Determine Extent of Lien in Real Estate was filed by Plaintiffs on March 16, 1992. Defendant was served with the Complaint on March 31, 1992. Plaintiffs were discharged from all dischargeable debts on April 6, 1992. Defendant filed its Answer to Plaintiffs' Complaint on April 10, 1992 and its Motion for Summary Judgment on October 22, 1992. Plaintiffs filed their Motion for Summary Judgment on October 23, 1992.

## LAW

The relevant law reads in part as follows:

**§ 502. Allowance of claims or interests.**

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

**§ 506. Determination of secured status.**

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

(d) To the extent that a lien secured a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

## DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure and Rule 7056 of the Bankruptcy Rules provides that summary judgment will be granted when the movant can demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. The movant will prevail only upon demonstrating the elements of the cause of action. *In re Hartwig Poultry, Inc.*, 57 B.R. 549, 551 (Bankr.N.D.Ohio 1986). A motion for summary judgment must be construed in the light most favorable to the party opposing the Motion. *In re Weitzel*, 72 B.R. 253, 256, (citing *In re Sostarich*, 53 B.R. 27 (Bankr.W.D.Ky.1985)).

Defendant's Motion for Summary Judgment espouses that Plaintiffs are attempting to strip the Defendant's undersecured mortgage lien from the subject real estate by utilizing the claim bifurcation provision of 11 U.S.C. § 506(a) and the lien avoiding provisions of 11 U.S.C. § 506(d) simultaneously. According to the Supreme Court's decision in *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), it is impermissible under Section 506(d) to "strip down" creditors' lien on real property to the judicially determined value of collateral. Section 506(d) can only be used when a claim has been disallowed. Since Defendant's claim has not been disallowed under Section 506(d), Defendant's second mortgage lien passes through Plaintiffs' bankruptcy unaffected.

Plaintiffs counterpoise allegations that the case at bar is distinguishable from *Dewsnup*, *id*. The Plaintiff in *Dewsnup*, was a single mortgage holder seeking avoidance of the judgment lien under Section 506(d). The Plaintiff in *Wise* has two mortgage liens and the first mortgage lien alone exceeds the appraised real estate val-

ue. Since the balance of the first mortgage is approximately equal to the appraised value of the real estate, Plaintiffs' second mortgage is ineffective and therefore unsecured. To adjudge the lien otherwise, would deny Plaintiffs the "fresh start" contemplated by the legislature in the promulgation of the Bankruptcy Code.

In the case at bar, there are two issues emanating from the arguments of counsel. First, is Defendant's claim allowable under 11 U.S.C. § 506? Second, under 11 U.S.C. § 506(d), can Plaintiffs strip down Defendant's lien on real property to the judicially determined value when that value is less than the amount of the secured claim?

The issues before this Court have been the source of much controversy. Numerous bankruptcy courts have analyzed the issue and a slight majority have allowed "lien stripping" under Section 506(d). *In re Brouse,* 110 B.R. 539 (Bankr.Colo.1990); *In re Moses,* 110 B.R. 962 (Bankr. N.D.Okla.1990); *In re Tanner,* 14 B.R. 933 (Bankr.W.D.Pa.1981). The minority view has been adopted in *In re Shrum,* 98 B.R. 995 (Bankr.W.D.Okla.1989); and *In re Maitland,* 61 B.R. 130 (Bankr.E.D.Va. 1986). Even the Third, Seventh and Eleventh Circuit Courts have allowed the debtor to use § 506 to strip down liens. *See Gaglia v. First Federal Savings & Loan Assoc.,* 889 F.2d 1304 (3rd Cir.1989); *In re Lindsey,* 823 F.2d 189 (7th Cir.1987); and *In re Folendore,* 862 F.2d 1537 (11th Cir. 1989). Subsequently, the Tenth Circuit held against lien stripping in *Dewsnup.* The Supreme Court specifically granted *certiorari* in *Dewsnup* to resolve the conflict between the Third and Tenth Circuits. Defendant's argument, in the case at bar, relies specifically upon the holding in *Dewsnup.*

I. IS DEFENDANT'S CLAIM ALLOWABLE UNDER 11 U.S.C. 506?

■ Section 506(d) requires that a secured claim be disallowed as a prerequisite to avoidance of the lien. Disallowance of claims, however, is controlled by Section 502 which provides that a claim is deemed allowed unless a party in interest objects.

11 U.S.C. § 502(a). A lien will not be void by terms of 11 U.S.C. § 506(d) unless a party requests a determination of allowability for the claim which the lien secured under 11 U.S.C. § 502(a). *In re Wolf,* 58 B.R. 354 (Bankr.N.D.Ohio 1986) (citing *Simmons v. Savell,* 765 F.2d 547 (5th Cir. 1985); *In re Endlich,* 47 B.R. 802 (Bankr. E.D.N.Y.1985); *In re Schneider* 37 B.R. 115 (Bankr.E.D.N.Y.1984); *Nefferdorf v. Federal National Mortgage Association,* 26 B.R. 962 (Bankr.E.D.Pa.1983); and *Spadel v. Household Consumer Discount Co.,* 28 B.R. 537 (Bankr.E.D.Pa.1983)).

The legislative history which supports this view reads as follows:

"Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under Section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed." H.R.H. No. 95–595, 95th Cong., 1st Sess. 357 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6313.

■ The parties in the *Wise* case have stipulated that Defendant's claim is secured. The record reveals that there have been no objections filed to Defendant's claim nor has either party requested a determination regarding allowability of Defendant's claim. Absent a request for determination of allowability or objections, Defendant's claim is deemed "allowed". Thus, under the provisions of section 502, Defendants claim is an allowable secured claim.

II. CAN PLAINTIFFS STRIP DOWN DEFENDANT'S LIEN TO THE JUDICIALLY DETERMINED VALUE THAT VALUE IS LESS THAN THE AMOUNT OF THE SECURED CLAIM?

Although the facts in *Dewsnup* are distinguishable from those presented in the case at bar, the holding in *Dewsnup* is apropos. The Dewsnups defaulted on their mortgage which totalled One Hundred Twenty Thousand and 00/100 Dollars ($120,000.00). Respondents commenced foreclosure. The foreclosure was stayed

upon the filing of a petition under Chapter 11 of the United States Bankruptcy Code by the Dewsnups. The petition under Chapter 11 was subsequently dismissed and a petition initiated under Chapter 7. In the adversary proceeding, Mrs. Dewsnup sought to reduce respondents' lien to Thirty Nine Thousand and 00/100 Dollars ($39,000.00) under 11 U.S.C. § 506(a) and 11 U.S.C. § 506(d). Mrs. Dewsnup argued that respondents had an allowed secured claim only to the extent of the judicially determined value of their collateral ($39,000.00) and that the excess portion of the lien was not an allowed secured claim within the meaning of Section 506(a).

The Bankruptcy Court for the District of Utah found that the Dewsnup property had been abandoned and therefore outside the reach of § 506(a). The Bankruptcy Court reasoned that Section 506(a) applies only to property in which the estate has an interest. The Trustee had abandoned the real estate and therefore it was deemed outside the parameters of § 506(d). The Court issued an order dismissing the underlying cause of action however it placed a value of Thirty Nine Thousand and 00/100 Dollars ($39,000.00) on the land in question. The United States District Court for the District of Utah and the Court of Appeals for the Tenth Circuit, without elaboration, affirmed the Bankruptcy Court's decision. The Supreme Court granted *certiorari* for the sole reason that the Third and Tenth Circuits had visited the same issue but with different results.

The specific issue on appeal to the Supreme Court was whether under § 506(d), a debtor may "strip down" a creditor's lien on real property to the value of the collateral, as judicially determined, when that value is less than the amount of the claim secured by the lien. The court, limiting its holding to the facts in *Dewsnup*, held that Section 506(d) does not allow the Dewsnups to "strip down" respondents' lien to the judicially determined value of the collateral, because respondents' claim is secured by a lien that has been fully allowed under § 502. Consequently, the respondent's lien could not be classified as "not an allowed secured claim" for purposes of the lien-voiding provision of § 506(d).

In making its determination, the Supreme Court examined whether the interpretation given the terms "allowed claims" under Section 506(a) is tantamount to the interpretation given the same terms when used in Section 506(d). In *Dewsnup*, the Court holds that the terms "allowed secured claim" do not take on the same meaning in Sections 506(a) and 506(d). Since Congress has failed to resolve the ambiguity between Sections 506(a) and 506(d), the words "allowed secured claim" must be interpreted term-by-term. In doing so, consideration is given to any claim that is, first, "allowed" and second, "secured". Section 506(d) voids only liens corresponding to secured claims which have been disallowed.

Defendants in the case at bar argue that the principles set forth in *Dewsnup* regarding Section 506(d), specifically preclude Plaintiffs from voiding the lien. Since Defendant's claim has been allowed, Section 506(d) is inapplicable. In response, Plaintiffs assert that Defendant's lien is undersecured and by operation of law, none of Defendant's claim can be secured. Even if Plaintiffs default on the reaffirmation agreement and the property is foreclosed, Leader will be the sole beneficiary of any proceeds from foreclosure. Accordingly, Defendant's lien is at best unsecured.

This Court finds that in the case at bar, there are no genuine issues of material fact. The Plaintiffs and Defendant have stipulated that the value of the collateral on January 30, 1992 was Thirty Three Thousand Five Hundred and 00/100 Dollars ($33,500.00). The first mortgage balance is Thirty Three Thousand Nine Hundred Eighty Nine and 00/100 Dollars ($33,989.00) and Defendant's lien is valued at Four Thousand Five Hundred Fifteen and 71/100 Dollars ($4,515.71). The parties have further stipulated that when the bankruptcy was filed, no value existed in Plaintiff's residence in excess of the mortgage which was prior to Defendant's lien. Upon application of the principles set forth in *Dewsnup* to the stipulations by these

parties, Defendant's lien is not voidable pursuant to Section 506(d). Defendants lien is allowed and secured. Plaintiffs are not permitted to "strip down" Defendant's lien under 11 U.S.C. § 506(d) since Defendant claim has been fully allowed under Section 502.

▬ Upon determination of the allowability, Defendant's claim is then categorized under Section 502(a) into two parts— secured claim and unsecured claim. Under Section 502(a), Defendant has a secured claim to the extent of the value of its collateral and an unsecured claim for the balance of its claim. WILLIAM NORTON, JR., NORTON BANKRUPTCY LAW & PRACTICE § 28.11 (1991). In evaluating the collateral, a reduction must be made to its value by any prior, valid liens. *In re Richardson*, 82 B.R. 872 (Bankr.S.D.Ohio 1987).

When construing the facts in a light most favorable to Defendant, this Court finds that Defendant has, at best, an unsecured claim against the real property under 11 U.S.C. 506(a) for the entire amount of its claim. The judicially determined value of the real estate as stipulated by the parties, is Thirty Three Thousand Five Hundred and 00/100 Dollars ($33,500.00). When offsetting this value by the prior valid first lien of Thirty Three Thousand Seven Hundred Eighteen and 83/100 Dollars ($33,-718.83), the value of Defendant's interest is less than the amount of the allowed claim. Under 11 U.S.C. 506(a), Defendant has an unsecured claim for its claim of Four Thousand Five Hundred Fifteen and 71/100 Dollars ($4,515.71).

The Defendant's Motion for Summary Judgment is therefore granted in part on the sole basis that its claim is an allowable secured claim and therefore not void under 11 U.S.C. § 506(d). Plaintiffs' Motion for Summary Judgment is likewise granted in part on the basis that Defendant has an unsecured claim in Plaintiff's real estate. This case is consequently fully adjudicated on the Motions of the parties.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgment is GRANTED in part for the reasons that its claim in Plaintiff's real property is an allowed secured claim and not void under 11 U.S.C. § 506(d).

It is FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment is GRANTED in part on the sole basis that Defendant's claim in Plaintiffs' real property is unsecured.