**In re Kenneth WILLIS and Terry Willis, Debtors.**

**No. 92–32461.**

United States Bankruptcy Court, N.D. Ohio, W.D.

May 20, 1993.

Steven M. Burke, Toledo, OH, for Associates Financial Services.

Norton Gutowitz, Toledo, OH, for debtor.

Louis J. Yoppolo, Toledo, OH, trustee.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtors' Motion to Avoid Lien of Associates Financial Services. The Court has reviewed the written arguments submitted by counsel, exhibits, relevant statutory and case law, as well as the entire record. Based upon that review and for the following reasons Debtors' Motion to Avoid Lien should be Denied.

### FACTS

On July 1, 1992 Debtors Kenneth and Terry Willis filed for relief under Chapter 7 of the United States Bankruptcy Code. On Schedule A they listed property located at 5086 Selma Drive, Toledo, Ohio with a current market value of Forty Four Thousand and 00/100 Dollars ($44,000.00). The property is subject to two secured claims. On Schedule D the Debtors listed as secured creditors Centerbank Mortgage Co. (hereafter "Centerbank") holding a first mortgage in the amount of Thirty Eight Thousand Seven Hundred and 00/100 Dollars ($38,700.00) and Associates Financial Services (hereafter "Associates") holding a second mortgage in the amount of Twelve Thousand Thirty Seven and 00/100 Dollars ($12,037.00). The value of the property was listed at Forty Five Thousand and 00/100 Dollars ($45,000.00). This amount differs from the value of the property listed on Schedule A which appears to be a typographical error. On all other documents the value of the property is listed at Forty Five Thousand and 00/100 Dollars ($45,000.00). On August 31, 1992 the Trustee filed a Report of Trustee in No–Asset Case certifying that the estate had been fully administered.

On November 4, 1992 the Attorney for the Debtors filed a Motion to Reschedule the Discharge Hearing stating that the Debtors were in the process of reaffirming the two mortgages on their home. On the same date he also filed a Motion to Avoid Lien of Associates. On November 13, 1992 the Attorney for Associates filed an Objection to Lien Avoidance and on November 30, 1992 he filed an Application for Abandonment of Property of the Estate and Relief from Stay pursuant to Section 554(b) of the Bankruptcy Code. The Debtors' Attorney requested a Hearing in his Answer to the Application. A Hearing was set for December 21, 1992. Neither the Debtors nor their Attorney appeared at the Hearing. The Court granted Associates' Appli-

cation for Abandonment and Relief from Stay.

On January 7, 1993 Debtors were discharged from all dischargeable debts. The Court gave both parties twenty-one days to respond by brief to the question of whether a consensual lien may be avoided. The Attorney for Associates filed a Brief in Opposition to Lien Avoidance on January 20, 1993. The Attorney for the Debtors failed to respond.

### LAW

The relevant law reads in part as follows:

**§ 502. Allowance of claims or interest.**

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

**§ 506. Determination of secured status.**

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

(d) to the extent that a lien secured a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

### DISCUSSION

The Debtors base their Motion to Avoid Lien on the premise that at the time they executed a second mortgage to Associates in the amount of Twelve Thousand Thirty Seven and 30/100 Dollars ($12,037.30) there was, and still is, a first mortgage to Centerbank in the approximate amount of Thirty Eight Thousand Seven Hundred and 00/100 Dollars ($38,70.00). The Debtors further contend that since the value of the real estate was approximately Forty Five Thousand and 00/100 Dollars ($45,000.00), Associates knew, or should have known, that in the event of a foreclosure, after the first mortgage holder and the expenses of the lawsuit were paid, Associates would end up with no monies. Based on that argument the Debtors filed their Motion requesting that the Court allow Associates to be classified as an unsecured creditor and allowing the Debtors to avoid Associates' lien. Counsel for the Debtors did not cite any statutory or case law in support of their motion.

Associates' Brief in Opposition to Lien Avoidance espouses the position that the Debtors are attempting to strip the undersecured portion of the mortgage by suggesting that there is not enough equity in the real estate to secure their junior lien status. According to the Supreme Court's decision in *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), a Chapter 7 debtor may not invoke Section 506(d) to strip down an unsecured mortgage to the value of the collateral and cannot use Section 506(d) to bifurcate the mortgage into two claims, one secured and the other unsecured and discharge the unsecured portion.

There are two issues that must be addressed in the case at bar. First, is Associates' claim allowable under 11 U.S.C. § 506? Second, under 11 U.S.C. § 506(d), can the Debtors strip down Associates' lien on real property to the value of the collateral when that value is less than the amount of the secured claim?

## I. IS ASSOCIATES' CLAIM ALLOWABLE UNDER 11 U.S.C. § 506?

■ Section 506(d) requires that a secured claim be disallowed as a prerequisite to avoidance of a lien. Disallowance of claims, however, is controlled by Section 502 which provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). A lien will not be void by terms of 11 U.S.C. § 506(d) unless a party requests a determination of allowability for the claim which the lien secured under 11 U.S.C. § 502(a). *In re Wolf,* 58 B.R. 354 (Bankr.N.D.Ohio 1986) (citing *Simmons v. Savell,* 765 F.2d 547 (5th Cir. 1985)); *In re Endlich,* 47 B.R. 802 (Bankr. E.D.N.Y.1985); *In re Schneider,* 37 B.R. 115 (Bankr.E.D.N.Y.1984); *Nefferdorf v. Federal National Mortgage Association,* 26 B.R. 962 (Bankr.E.D.Pa.1983); and *Spadel v. Household Consumer Discount Co.,* 28 B.R. 537 (Bankr.E.D.Pa.1983).

The legislative history which supports this view reads as follows:

"Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under Section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed." H.R.H. No. 95–595, 95th Cong., 1st Sees. 357 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6313.

■ In the case at bar, the record reveals that there have been no objections filed to Associates' claim nor has either party requested a determination regarding allowability of the claim. Absent a request for determination of allowability or objections, Associates' claim is deemed "allowed".

## II. CAN DEBTORS STRIP DOWN ASSOCIATES' LIEN TO THE VALUE OF THE COLLATERAL WHEN THAT VALUE IS LESS THAN THE AMOUNT OF THE SECURED CLAIM?

■ Although the facts in *Dewsnup* are distinguishable from those presented in the case at bar, the holding in *Dewsnup* is apropos. The Dewsnups defaulted on their mortgage which totalled One Hundred Twenty Thousand and 00/100 Dollars ($120,000.00). Respondents commenced foreclosure. The foreclosure was stayed upon the filing of a petition under Chapter 11 of the United States Bankruptcy Code by the Dewsnups. The petition under Chapter 11 was subsequently dismissed and a Petition was initiated under Chapter 7. In the adversary proceeding, Mrs. Dewsnup sought to reduce respondents' lien to Thirty Nine Thousand and 00/100 Dollars ($39,000.00) under 11 U.S.C. § 506(a) and 11 U.S.C. § 506(d). Mrs. Dewsnup argued that respondents had an allowed secured claim only to the extent of the judicially determined value of their collateral, Thirty Nine Thousand and 00/100 Dollars ($39,000.00), and that the excess portion of the lien was not an allowed secured claim within the meaning of Section 506(a).

The Bankruptcy Court for the District of Utah found that the Dewsnup property had been abandoned and therefore outside the reach of Section 506(a). The Bankruptcy Court reasoned that Section 506(a) applies only to property in which the estate has an interest. The Trustee had abandoned the real estate and therefore it was deemed outside the parameters of Section 506(d). The Court issued an order dismissing the underlying cause of action. However, the Court did place a value of Thirty Nine Thousand and 00/100 Dollars ($39,000.00) on the land in question. The United States District Court for the District of Utah and the Court of Appeals for the Tenth Circuit, without elaboration, affirmed the Bankruptcy Court's decision. The Supreme Court granted *certiorari* for the sole reason that the Third and Tenth Circuits had visited the same issue but with different results.

The specific issue on appeal to the Supreme Court was whether under Section 506(d), a debtor may "strip down" a creditor's lien on real property to the value of

the collateral, as judicially determined, when that value is less than the amount of the claim secured by the lien. The Court, limiting its holding to the facts in *Dewsnup*, held that Section 506(d) does not allow the Dewsnups to "strip down" respondent's lien to the judicially determined value of the collateral, because respondent's claim is secured by a lien that has been fully allowed under Section 502. Consequently, the respondent's lien could not be classified as "not an allowed secured claim" for purposes of the lien-voiding provision of Section 506(d).

In making its determination, the Supreme Court examined whether the interpretation given the terms "allowed claims" under Section 506(a) is tantamount to the interpretation given the same terms when used in Section 506(d). In *Dewsnup*, the Court holds that the terms "allowed secured claim" do not take on the same meaning in Sections 506(a) and 506(d). Since Congress has failed to resolve the ambiguity between Sections 506(a) and 506(d), the words "allowed secured claim" must be interpreted term-by-term. In doing so, consideration is given to any claim that is, first, "allowed" and second, "secured". Section 506(d) voids only liens corresponding to secured claims which have been disallowed.

Upon application of the principles set forth in *Dewsnup* to the facts in the case at bar, Associates' lien is not voidable pursuant to Section 506(d). Associates' lien is allowed and secured. Debtors are not permitted to "strip down" Associates' lien under 11 U.S.C. § 506(d) since Associates' claim has been fully allowed under Section 502.

In reaching the conclusion found herein the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Debtors' Motion to Avoid Lien of Associates Financial Services Corporation is **DENIED** for the reason that the claim of Associates Financial Services

Corporation in the Debtors' real property is an allowed secured claim and is therefore not void under 11 U.S.C. § 506(d).